## John H. Strong

*v.*

## George B. Leoffler.

Warranty—*in sale of tax certificates, how far implied.* The assignor of a tax certificate impliedly warrants to the assignee that the paper is not a forgery, but there the implication of warranty ceases. He does not impliedly warrant that the description of the land is good and sufficient, that the taxes for which the land was sold were legally assessed and levied, and remained due and unpaid, or that due notices have been issued to perfect a tax title.

Appeal from the Circuit Court of Champaign county; the Hon. James Steele, Judge, presiding.

Mr. L. Gordon, for the appellant.

Messrs. A. M. & H. W. Ayers, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action, by appellee against appellant, upon a promissory note, and the verdict and judgment are for the sum of the note, with interest.

The defense set up was, that plaintiff below took this note in part payment for a number of tax certificates sold and assigned by plaintiff to defendant, and appellant alleged in his plea, that appellee made divers contracts of warranty as to the certificates, and that the warranties were respectively false.

The jury have found that the allegations of express warranty are not sustained by the proofs, and, on an examination of the proofs, we approve the finding.

The position is taken here, that by the assignment of a tax certificate, the assignor, by implication, warrants that the certificate is genuine, that the description of the land is good and sufficient, that the taxes for which the land was sold were duly levied and assessed, and remained due and unpaid, and that intervening taxes have been paid and due notices served to perfect a tax title on failure of redemption. No doubt,

the assignor of what purports to be a tax certificate does warrant to the assignee that the paper is not a forgery, but there the implication of warranty ceases. The position of counsel for appellant has no foundation in reason or authority.

We find no error in the rulings of the circuit court in giving and refusing instructions, certainly none of which appellant has any just ground to complain.

The judgment must be affirmed.

*Judgment affirmed.*